**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID WICTHERMAN, JR., as ADMINISTRATOR OF THE ESTATE OF DANIEL WICHTERMAN,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 16-5796** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this _________ day of __________________, 2017, upon consideration of the Motion to Dismiss of Defendant City of Philadelphia, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claims against the City of Philadelphia are **DISMISSED**.

BY THE COURT:

_____________________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID WICTHERMAN, JR., as ADMINISTRATOR OF THE ESTATE OF DANIEL WICHTERMAN,** **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 16-5796** |
| **CITY OF PHILADELPHIA, et al.,** **Defendants.** | : | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, City of Philadelphia (the "City"), by and through the undersigned counsel, hereby files this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the City incorporates the attached Memorandum of Law. The City respectfully requests that this Court dismiss all claims against it.

Date: January 17, 2017

Respectfully submitted,

*/s/ Jonathan Cooper*
Jonathan Cooper
Assistant City Solicitor
Pa. Attorney ID No. 316374
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5448 (phone)
jonathan.cooper@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID WICTHERMAN, JR., as ADMINISTRATOR OF THE ESTATE OF DANIEL WICHTERMAN,** **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 16-5796** |
| **CITY OF PHILADELPHIA, et al.,** **Defendants.** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff, David Wichterman, Jr., as the Administrator of the Estate of Daniel Wichterman ("Plaintiff"), has filed a Complaint which fails to state a claim against the City of Philadelphia (the "City") in all respects. *See* Cmplt. (Docket No. 1). Therefore, Plaintiff's Complaint should be dismissed as to the City.

## I. BACKGROUND

Plaintiff alleges that on January 30, 2015, decedent Daniel Wichterman ("Decedent") was arrested by Philadelphia police officers for driving under the influence and transported to the Philadelphia Police Detention Unit ("PDU"). *See* Cmplt. at ¶¶ 13-17. During the arrest, Plaintiff alleges Decedent told the arresting officers he had been using heroin. *See id.* at ¶ 15. After arriving at the PDU and receiving a blood draw, Decedent was placed in a holding cell, where he remained for a number of hours. *See id.* at ¶¶ 32-41. Plaintiff alleges that while Decedent was in the cell, Defendant police officers Justin Avery and William Gwalthney entered the cell in order to escort him elsewhere for fingerprinting, but noticed he was asleep. *See id.* at ¶¶ 42-43. After attempting to rouse the Decedent, Plaintiff alleges Avery and Gwalthney left the cell and took no further action. *See id.* at ¶¶ 44-47. A couple hours later, Decedent was found to be unresponsive

and paramedics were called. *See id.* at ¶¶ 49-53. Decedent was transported to Hahnemann Hospital where he was pronounced dead shortly thereafter. *See id.* at ¶¶ 54-56. According to Plaintiff, the cause of Decedent's death was an opiate overdose. *See id.* at ¶ 57.

Plaintiff brings this wrongful death and survival action on behalf of Decedent against, *inter alios*, the City. Plaintiff asserts a sole cause of action against the City, a claim for a violation of his rights under the Eighth and/or Fourteenth Amendments to the United States Constitution (Count II). The City now moves to dismiss this claim in its entirety.

## II. ARGUMENT

### A. COUNT II OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH RESPECT TO THE CITY

The Court should grant the Motion and dismiss Plaintiff's claims against the City.[1] In the Complaint, Plaintiff generically alleges that Decedent's death was caused by the City's failure to establish policies, practices, procedures and training regarding the treatment of arrestees suffering from drug overdose. *See* Cmplt. at ¶ 80. In an attempt to support this claim, Plaintiff contends that around the time of Decedent's arrest, reasonably trained police officers were aware of a pattern of increased opiate abuse, particularly among a population of arrestees/pretrial detainees. *See id.* at ¶¶ 22-29.

Such allegations are attempts to sue the City under *Monell v. Department of Social Services of New York City*, 436 U.S. 658 (1978). In adjudicating *Monell* claims, "courts have

---

[1] A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately allege a *Monell* claim for at least three reasons. First, the Complaint pleads no actual facts regarding a municipal policy or custom. Second, Plaintiff fails to factually allege any actionable conduct by a municipal decisionmaker. Finally, Plaintiff cannot state a failure-to-train claim because the Complaint fails to identify specific instances of prior police misconduct caused by allegedly inadequate training.

**1. Plaintiff's *Monell* Claim Fails Because Plaintiff Pleads No Facts Regarding a Municipal Policy or Custom.**

The Court should dismiss the City from this case because Plaintiff simply parrots the legal standard for municipal liability under § 1983 without pleading any supporting facts. In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a *Monell* claim. *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[d]" the elements of *Monell* liability. *See id.* at 103-04. The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *See id.* at 104 (citations and quotations omitted).

In this case, Plaintiff has tried to plead a *Monell* claim by relying on the same sort of conclusory allegations that the Third Circuit rejected in *Wood*. *Compare* Cmplt. at ¶¶ 21-31; 80 (setting forth *Monell* allegations), *with Wood*, 568 F. App'x at 103-04 (discussing and rejecting

similar *Monell* allegations). Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments in this case include no such factual allegations. *See* Cmplt. at ¶¶ 21-31; 80. Therefore, the Court should dismiss the Complaint as to the City. *See Butler*, 2013 WL 5842709, at *2 (granting motion to dismiss complaint that merely parroted the legal standard of *Monell*); *Saleem v. Sch. Dist. of Phila.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) (dismissing *Monell* claim under Rule 12(b)(6) because plaintiff pled "the 'phraseology' of an alleged policy, practice, procedure, custom and endorsement . . . but [failed to plead] supporting facts"); *Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (dismissing *Monell* claim because "[p]laintiff fails to allege any facts to support his naked assertion of an unlawful municipal policy or custom"); *Torres*, 2008 WL 2600314, at *5 (dismissing *Monell* claim for failure to plead specific facts).

### 2. Plaintiff's *Monell* Claim Fails Because Plaintiff Alleges No Actionable Conduct by Any Municipal Decisionmaker.

Plaintiff also fails to state a *Monell* claim against the City because the Complaint fails to identify a policymaker involved in the formation of a municipal custom or policy. The Third Circuit has held on multiple occasions that a complaint which neglects "to allege conduct by a municipal decisionmaker" cannot survive a motion to dismiss its *Monell* claim. *McTernan v. City of York*, 564 F.3d 636, 658-59 (3d Cir. 2009) (emphasis added); *see also Rees v. Office of*

*Children and Youth*, 473 F. App'x 139, 143 (3d Cir. 2012) (holding that a complaint cannot state a *Monell* claim if it "fails to link the alleged offending policies or customs to anyone within [a municipality] who had policy-making authority"); *see also Andrews v. City of Phila.*, 895 F.2d 1469, 1481 (3d Cir. 1990) (noting that a municipal decisionmaker in a § 1983 case must possess "final, unreviewable discretion to make a decision or take an action").

Here, Plaintiff's Complaint makes no reference whatsoever to any municipal policymaker. *See generally* Cmplt. Therefore, the Court should dismiss Plaintiff's Complaint as to the City for this additional reason. *See Ross v. Project H.O.M.E.*, No. 13-7561, 2014 WL 2464962, at *3 (E.D. Pa. June 2, 2014) ("A viable *Monell* claim requires that a plaintiff allege that a policymaker was involved in the policy or custom at issue in the case."); *Davis v. City of Phila.*, No. 05-4571, 2009 WL 2461777, at *4 (E.D. Pa. Aug. 11, 2009) (holding that a *Monell* claim cannot survive a motion to dismiss "without an allegation connecting a specific policymaker to the custom at issue").

**3. Plaintiff's Failure-to-Train Claim Fails Because Plaintiff Does Not Allege Prior Instances of Police Misconduct.**

Additionally, Plaintiff fails to state a failure-to-train claim because the Complaint does not identify prior instances of police misconduct caused by allegedly inadequate training. Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). In *Williams v. Borough of Sharon Hill*, this Court dismissed a complaint against a municipality containing similarly vague and conclusory language as that used by Plaintiff here. No. 12-5395, 2013 WL 4743471 (E.D. Pa. Sept. 4, 2013). *Compare Williams*, 2013 WL 4743471, at *3-4 (discussing and rejecting *Monell* allegations) *with* Cmplt. at ¶¶ 21-31; 80 (setting forth similar *Monell* allegations). With respect to the

plaintiff's failure to train claim, the court in *Williams* explained that the complaint "does not plead any fact to suggest a pattern of similar constitutional violations by untrained employees." *Id.* at *4 (citations and quotations omitted). The court found that the plaintiff's allegations simply constituted "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and thus failed to state a claim for relief. *See id.* (citations and quotations omitted); *see also Niblack v. Murray*, No. 12-6910, 2013 WL 4432081, at *8-9 (D.N.J. Aug. 14, 2013) (granting a motion to dismiss a failure to train claim when plaintiff "allege[d] no facts concerning prior instances of police using excessive force during arrest[s]").

Like the complaints in *Williams* and *Niblack*, Plaintiff pleads a failure-to-train claim with conclusory language that fails to allege any specific instances of prior misconduct by Philadelphia police officers. *See* Cmplt. at ¶¶ 21-31; 80. Such a pleading deficiency necessitates the dismissal of Plaintiff's claims against the City.[2]

## III. CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss all of Plaintiff's claims against the City.

Date: January 17, 2017

Respectfully submitted,

*<u>/s/ Jonathan Cooper</u>*
Jonathan Cooper
Assistant City Solicitor
Pa. Attorney ID No. 316374
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor

---

[2] Plaintiff's failure-to-train claim also fails because Plaintiff neglects to specifically plead "how the training programs for the [] officers are inadequate." *See Torres*, 2008 WL 2600314, at *5 (granting motion to dismiss failure to train claim when complaint vaguely alleged that defendant municipality "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct").

Philadelphia, PA 19102
215-683-5448 (phone)
215-683-5397 (fax)
jonathan.cooper@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID WICTHERMAN, JR., as ADMINISTRATOR OF THE ESTATE OF DANIEL WICHTERMAN, Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 16-5796** |
| **CITY OF PHILADELPHIA, et al., Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant's Motion to Dismiss Plaintiff's Complaint was filed via the Court's electronic filing system and is available for downloading and thus served upon the parties of record.

Date: January 17, 2017

Respectfully submitted,

*/s/ Jonathan Cooper*

Jonathan Cooper
Assistant City Solicitor
Pa. Attorney ID No. 316374
City of Philadelphia Law Dep't
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5448 (phone)
215-683-5397 (fax)
jonathan.cooper@phila.gov