IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID WICHTERMAN, JR.**, as Administrator of the Estate of Daniel Wichterman,<br>   Plaintiff,<br><br>   v.<br><br>**CITY OF PHILADELPHIA, CORIZON HEALTH,** and **TAIRU WAHABU, RN,**<br>   Defendants. | CIVIL ACTION<br><br><br><br>NO. 16-5796 |

## O R D E R

  **AND NOW**, this 21st day of December, 2020, upon consideration of Defendant City of Philadelphia's Fifth Motion in Limine to Preclude Opinions and Conclusions of R. Paul McCauley (Document No. 79, filed Jan. 31, 2020) and Plaintiff's Response in Opposition to Defendant City of Philadelphia's Fifth Motion in Limine to Preclude Opinions and Conclusions of R. Paul McCauley (Document No. 93, filed Mar. 20, 2020), for the reasons stated in the Memorandum dated December 21, 2020, **IT IS ORDERED** that Defendant City of Philadelphia's Fifth Motion in Limine to Preclude Opinions and Conclusions of R. Paul McCauley is **GRANTED IN PART AND DENIED IN PART**, as follows:

 1. That part of the Motion seeking to prohibit R. Paul McCauley from testifying as to paragraphs 1, 2, 8, 10, 11, 12, 13, and 14 of R. Paul McCauley's Expert Report (Def.'s Ex. A) ("McCauley Report") is **GRANTED** as unopposed.

 2. That part of the Motion seeking to prohibit McCauley from testifying as to the portion of Opinion 9 and the related portions of the McCauley Report that state "The practice of [Police Correctional Offices], at the start of a shift, pre-entering cell rounds in the log every 15 minutes rather than recording the actual time of the rounds is a false report" is **GRANTED**.

3. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinion 16 and the related portions of the McCauley Report that use the phrases "appropriate police management" and "deliberate indifference" is **GRANTED**.

4. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinion 3, 7, and 15 and the related portions of the McCauley Report that discuss to Directives 82 and 128 is **DENIED**.

5. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinions 4, 5, and 8 and the related portions of the McCauley Report that discuss cell checks is **DENIED**.

6. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinions 5 and the related portions of the McCauley Report that state "[t]he charge and/or the actual presence of alcohol (ex. odor) can mask other medical conditions such as drug overdose and other potentially fatal medical conditions" is **DENIED**.

7. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinion 6 and the related portions of the McCauley Report that state Wichterman was in a "medical emergency" is **DENIED**.

8. That part of the Motion seeking to prohibit McCauley from testifying as to the portions of Opinion 7 and the related portions of the McCauley Report that state the PDU officers' failure to notify the nurse and/or supervisor that Wichterman was not waking up "unnecessarily delayed Wichterman's medical care" is **DENIED**.

9. That part of the Motion to prohibit McCauley from testifying as to the portions of Opinion 9 and the related portions of the McCauley Report that state the practice of pre-entering

cell rounds rather than recording rounds as they are conducted "created unnecessary medical risks for Wichterman" is **DENIED**.

10. That part of the Motion seeking to prohibit McCauley from testifying as to the portion of Opinion 6 and the related portions of the McCauley Report that use the phrase "reasonably directed and trained officers" is **DENIED.**

11. That part of the Motion seeking to prohibit McCauley from testifying as to the portion of Opinion 7 and the related portions of the McCauley Report that outline the procedures PDU officers should have followed "had the PPD trained [them] to the point where they were skilled in performing consistently with Directives 82 and 128" is **DENIED**.

**IT IS FURTHER ORDERED** that the rulings in this Order are **WITHOUT PREJUDICE** to the right of aggrieved parties to seek reconsideration at trial if warranted by the evidence at trial and applicable law as stated in this Memorandum.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**