**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID WICHTERMAN, JR., as ADMINISTRATOR of the ESTATE OF DANIEL WICHTERMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA; TEHUM CARE SERVICES, INC. (formerly known as CORIZON HEALTH); POLICE CORRECTIONAL OFFICER JUSTIN AVERY; POLICE CORRECTIONAL OFFICER WILLIAM GWALTHNEY; POLICE CORRECTIONAL OFFICER JOYNER, BADGE NO. 114; TAIRU WAHABU, RN; YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ; SARA ANN TIRSCHWELL; AYODEJI OLAWALE LADELE; BEVERLY MICHELLE RICE; JEFFREY SCOTT KING; JENNIFER LYNNE FINGER; FRANK JEFFREY SHOLEY,<br><br>Defendants. | CIVIL ACTION<br><br>No.: 2:16-cv-05796-JMY<br><br>JURY TRIAL DEMANDED |

**ORDER**

**AND NOW**, this ______ day of ________________________________, 2026, upon consideration of Defendants Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Failure to State a Claim, and any response thereto, **IT IS ORDERED** that the **MOTION** is **GRANTED**, and that all claims against Finger, King, Lefkowitz, Rice, Sholey, and/or Tirschwell are **DISMISSED** pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

**BY THE COURT:**

__________________________________
John M. Younge, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID WICHTERMAN, JR., as ADMINISTRATOR of the ESTATE OF DANIEL WICHTERMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA; TEHUM CARE SERVICES, INC. (formerly known as CORIZON HEALTH); POLICE CORRECTIONAL OFFICER JUSTIN AVERY; POLICE CORRECTIONAL OFFICER WILLIAM GWALTHNEY; POLICE CORRECTIONAL OFFICER JOYNER, BADGE NO. 114; TAIRU WAHABU, RN; YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ; SARA ANN TIRSCHWELL; AYODEJI OLAWALE LADELE; BEVERLY MICHELLE RICE; JEFFREY SCOTT KING; JENNIFER LYNNE FINGER; FRANK JEFFREY SHOLEY,<br><br>Defendants. | CIVIL ACTION<br><br>No.: 2:16-cv-05796-JMY<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS FINGER, KING, LEFKOWITZ, RICE, SHOLEY, AND TIRSCHWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendants Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell respectfully move to dismiss the claims asserted against them pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). As set forth in the accompanying Memorandum of Law, Plaintiff has failed to state a claim upon which relief can be granted, and the Court lacks subject matter jurisdiction and personal jurisdiction over these Defendants.

Respectfully submitted,

Dated: November 12, 2026

/s/ Aaron Krauss

Aaron Krauss (62419)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4181
akrauss@cozen.com
*Attorney for Defendants Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID WICHTERMAN, JR., as ADMINISTRATOR of the ESTATE OF DANIEL WICHTERMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA; TEHUM CARE SERVICES, INC. (formerly known as CORIZON HEALTH); POLICE CORRECTIONAL OFFICER JUSTIN AVERY; POLICE CORRECTIONAL OFFICER WILLIAM GWALTHNEY; POLICE CORRECTIONAL OFFICER JOYNER, BADGE NO. 114; TAIRU WAHABU, RN; YITZCHAK LEFKOWITZ a/k/a ISAAC LEFKOWITZ; SARA ANN TIRSCHWELL; AYODEJI OLAWALE LADELE; BEVERLY MICHELLE RICE; JEFFREY SCOTT KING; JENNIFER LYNNE FINGER; FRANK JEFFREY SHOLEY,<br><br>Defendants. | CIVIL ACTION<br><br>No.: 2:16-cv-05796-JMY<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FINGER, KING, LEFKOWITZ, RICE, SHOLEY, AND TIRSCHWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION**
**<u>AND FAILURE TO STATE A CLAIM</u>**

# TABLE OF CONTENTS

**Page**


I. Introduction .... 1

II. Background .... 3

III. Legal Standards .... 4

A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) .... 4

B. Lack Of Personal Jurisdiction Under Rule 12(b)(2) .... 5

C. Failure To State A Claim Under Rule 12(b)(6) .... 6

IV. Argument .... 6

A. Wichterman's Jurisdictional Allegations Are Insufficient To Establish Personal Jurisdiction Over The Individual Restructuring Defendants .... 7

B. Only The Trusts Have Standing To Bring The Claims Asserted In Count IV .... 10

C. Count V Fails To State A Claim For Veil-Piercing / Alter Ego Liability Against The Individual Restructuring Defendants .... 14

D. Count IV Fails To State A Claim For Fraud Or Fraudulent Transfer .... 16

E. Count III Fails To State A Claim For Negligence Against The Individual Restructuring Defendants .... 18

V. Conclusion .... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurso v. Infra-Red Servs., Inc.*,
23 F.Supp.3d 494 (E.D. Pa. 2014) ....................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................6

*Belmont v. MB Inv. Partners, Inc.*,
708 F.3d 470 (3d Cir. 2013) ....................18, 19

*Bowers v. NETI Techs., Inc.*,
690 F. Supp. 349 (E.D. Pa. 1988) ....................8

*Brookworth Partners, L.P. v. Frankford Mach., Inc.*,
2017 WL 4269031 (Pa. Super. Ct. Sept. 26, 2017) ....................16

*Calder v. Jones*,
465 U.S. 783 (1984) ....................8

*Clark v. Wells Fargo Bank*,
585 Fed. App'x. 817 (3d Cir. 2014) ....................5

*Credle v. United States*,
2011 WL 6304027 (D.N.J. Dec. 14, 2011) ....................8

*Dempsey v. Walso Bureau, Inc.*,
246 A.2d 418 (Pa. 1968) ....................19

*Dundon v. Lefkowitz*
(In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML) ....................10, 13

*Finkelman v. Nat'l Football League*,
810 F.3d 187 (3d Cir. 2016) ....................4

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ....................6

*G. W. v. Ringwood Bd. of Educ.*,
28 F.4th 465 (3d Cir. 2022) ....................5

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*,
888 F.3d 29 (3d Cir. 2018)....................5

*Gibbs v. Ernst*,
647 A.2d 882 (Pa. 1994)....................16

*Hasson v. FullStory, Inc.*,
114 F.4th 181 (3d Cir. 2024)....................8, 9, 10

*Hatten v. Bledsoe*,
2014 WL 5474071 (M.D. Pa. Oct. 28, 2014)....................18

*In re CHS FL, LLC, et al.*,
No. 2:26-bk01087 (FMR) (Bankr. M.D. Fla.)....................4

*In re Elrod Holdings Corp.*,
392 B.R. 110 (Bankr. D. Del. 2008)....................11

*In re Emoral, Inc.*,
740 F.3d 875 (3d Cir. 2014)....................11

*In re Kraeger*,
1999 WL 342762 (Bankr. E.D. Pa. May 24, 1999)....................11

*In re Philadelphia Newspapers, LLC*,
423 B.R. 98 (E.D. Pa. 2010)....................2

*In re Resorts Int'l, Inc.*,
372 F.3d 154 (3d Cir. 2004)....................6

*In re Spiech Farms, LLC*,
603 B.R. 395 (Bankr. W.D. Mich. 2019)....................11

*In re Tehum Care Services, Inc.*,
Case No. 23-90086 (CML) ECF No. 2014 (Bankr. S.D. Tex., Mar. 3, 2025).......2, 3, 4, 12, 13

*In re Total Containment, Inc.*,
2008 WL 682455 (Bankr. E.D. Pa. Mar. 5, 2008)....................10, 12

*In re Total Containment, Inc.*,
335 B.R. 589 (Bankr. E.D. Pa. 2005)....................16

*In re Wilton Armetale, Inc.*,
968 F.3d 273 (3d Cir. 2020)....................10, 12

*In re YesCare Corp.*,
No. 2:26-bk-01089 (Bankr. M.D. Fla.)....................4

*Jones v. Experian Info. Sols., Inc.*,
2022 WL 4080763 (E.D. Pa. Sept. 6, 2022) ....................7

*Kaiser v. Gualtieri, et al.*,
No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 (M.D. Fla., Aug. 24, 2026) ....................2, 11

*Lumax Indus., Inc. v. Aultman*,
669 A.2d 893 (Pa. 1995) ....................14

*Malik v. Cabot Oil & Gas Corp.*,
710 F. App'x 561 (3d Cir. 2017) ....................5

*Marshall v. Fenstermacher*,
388 F.Supp.2d 536 (E.D. Pa. 2005) ....................17

*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) ....................5

*Matos v. Uber Techs., Inc.*,
2025 WL 373437 (E.D. Pa. Feb. 3, 2025) ....................19

*McMahon v. Volkswagen Aktiengesellschaft*,
2023 WL 4045156 (D.N.J. June 16, 2023) ....................7

*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004) ....................6

*Morrison Informatics, Inc. v. Members 1st Credit Union*,
97 A.3d 1233 (Pa. Super. Ct. 2014) ....................10

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977) ....................5

*Potter v. Cozen & O'Connor*,
46 F.4th 148 (3d Cir. 2022) ....................6

*Ruff v. York Hosp.*,
257 A.3d 43 (Pa. Super. Ct. 2021) ....................18

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ....................18, 19

*Simkins Corp. v. Gourmet Res. Int'l*,
601 F. Supp. 1336 (E.D. Pa. 1985) ....................8

*Tronox Inc. v. Kerr-McGee Corp.*,
855 F.3d 84 (2d Cir. 2017) ....................11

*Valles v. Albert Einstein Med. Ctr.*,
805 A.2d 1232 (2002) ..... 18

*Walden v. Fiore*,
571 U.S. 277 (2014) ..... 9

*Welsh v. Bulger*,
698 A.2d 581, 1997 WL 409131 (1997) ..... 19

*Xtreme Caged Combat v. Zarro*,
2021 WL 731505 (Pa. Super. Ct. 2021) ..... 16

**Statutes**

12 Pa. C.S.A. § 5101 ..... 16

12 Pa. C.S.A. § 5104 ..... 16

12 Pa. C.S.A. § 5107–08 ..... 16

42 Pa. Cons. Stat. Ann. § 5322(b) ..... 5

42 Pa. Cons. Stat. § 5524 ..... 2

Bankruptcy Code Section 541 ..... 11

Bankruptcy Code Section 1123 ..... 13

Pennsylvania Uniform Voidable Transactions Act ..... 15

**Other Authorities**

Constitution of the United States ..... 5

Fed. R. Civ. P. 4(k)(1)(A) ..... 5

Fed. R. Civ. P. 9(b) ..... 15, 16, 17

Fed. R. Civ. P. 12 ..... *passim*

## I. Introduction

On November 9, 2016, David Wichterman, Jr. sued the City of Philadelphia, Corizon Health, Inc., and three named medical providers and correctional officers for allegedly deficient medical care provided to Daniel Wichterman. See ECF No. 1. Wichterman amended his complaint in November of 2017 to add an additional correctional defendant. See ECF No. 29. In 2026, Wichterman amended his complaint once again "for the express purpose of adding claims against" the Individual Restructuring Defendants[1] (Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell). See ECF No. 139 at ¶ 3. In addition to not alleging that they had anything to do with Wichterman's care, Wichterman's only jurisdictional allegation is a single boilerplate sentence, repeated verbatim for each Individual Restructuring Defendant, that he or she "regularly conducted business in Philadelphia through [his or her] companies' provision of medical services to incarcerated people in the Philadelphia Department of Prisons." ECF No. 139 at ¶ 13–14, 16–19. That allegation is conclusory and legally insufficient to establish personal jurisdiction over the Individual Restructuring Defendants.

In addition to lacking adequate allegations supporting personal jurisdiction, or that they had any role in Wichterman's medical care, the claims[2] against the Individual Restructuring

---

[1] The Second Amended Complaint also names Ayodeji Olawale Ladele. See ECF No. 139 at ¶ 15, 87, 93. Ladele is not a party to this motion.

[2] "State Law Negligence Claims" premised on respondeat superior liability for a Corizon nurse's alleged negligence (Count III), "Fraud" based on Corizon's restructuring (Count IV), and piercing the corporate veil and alter-ego liability (Count V). See ECF No. 139. The Second Amended Complaint also includes a section captioned "Wrongful Death and Survival Actions," but that section is not pled as a count against the Individual Restructuring Defendants or anyone else. See ECF No. 139 at ¶ 111–19. In any event, wrongful death and survival claims are vehicles for recovering damages on an underlying tort, not independent sources of liability, and Wichterman identifies no underlying tort by the Individual Restructuring Defendants other than

Defendants also lack any allegation that the Individual Restructuring Defendants acted outside of their corporate capacities. See ECF No. 139 at ¶ 13–19, 87–96.[3]

Instead, Wichterman's attempt to drag the Individual Restructuring Defendants into this case is premised on the theory that a corporate restructuring and the Texas bankruptcy filing that followed (which was explicitly permitted by statute and for which a chapter 11 plan was confirmed by a bankruptcy court), undertaken by the Individual Restructuring Defendants in their official capacities, was actually a scheme to avoid liability to tort claimants. See ECF No. 139 at ¶ 82–87, 109. Such claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and Rule 12(b)(6) because, as the court in Kaiser v. Gualtieri, et al. recently found (see No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 (M.D. Fla., Aug. 24, 2026)), Wichterman lacks standing to assert them given that any such claims are owned by the trusts created pursuant to Tehum's confirmed chapter 11 plan. Additionally, Wichterman's remaining claims should be dismissed because veil-piercing / alter ego liability is not a standalone claim under Pennsylvania law, because Wichterman has not alleged facts that would

---

those asserted in Counts III through V. To the extent those paragraphs are construed as asserting claims against the Individual Restructuring Defendants, they fail for the same reasons as Counts III through V.

[3] The Second Amended Complaint must allege that the Individual Restructuring Defendants were acting in their corporate capacities because only claims against them in their corporate capacities were stayed by Tehum's bankruptcy filing. See In re Philadelphia Newspapers, LLC, 423 B.R. 98, 104 (E.D. Pa. 2010) (The automatic stay in bankruptcy does not automatically apply to non-debtors, and such an extension only occurs by court order after a finding of "unusual circumstances"). Likewise, the tolling provisions of the Plan which Wichterman claims apply were not enacted until the approval of the plan itself, on March 3, 2025, well after the running of the two-year statute. See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025). Given that the events giving rise to the Second Amended Complaint took place on January 30, 2015, see ECF No. 139 at ¶ 5, 23–67, any claims against the Individual Restructuring Defendants in their personal capacities were time-barred long before the 2026 filing of the Second Amended Complaint. See 42 Pa. Cons. Stat. § 5524.

support piercing the veil between any corporation and the Individual Restructuring Defendants, because Wichterman has failed to plead a fraud or fraudulent transfer claim, and because the Individual Restructuring Defendants cannot be held vicariously liable under a respondeat superior theory for the alleged negligence of a nurse employed by Corizon.

## II. Background

The Second Amended Complaint alleges that, on January 30, 2015, Wichterman was arrested for driving under the influence after telling police he had been using heroin, was taken to the Philadelphia Police Department's Police Detention Unit, and died of an opiate overdose later that evening after allegedly receiving inadequate monitoring and medical care. See ECF No. 139 at ¶ 23–67. Corizon Health, Inc., a city contracted medical provider, is alleged to be among the entities responsible for his inadequate medical treatment. See ECF No. 139 at ¶ 12, 29, 73–75.

In his Second Amended Complaint, Wichterman alleges that, in May 2022, more than seven years after the allegedly deficient medical care, Corizon re-incorporated in Texas and executed a divisive merger under Texas law, which Wichterman characterizes as part of a "Texas Two-Step." See ECF No. 139 at ¶ 83, 87. Through the restructuring, YesCare allegedly received Corizon's active contracts, operational infrastructure, management personnel, and ongoing business operations, while Tehum was allegedly assigned approximately $1.2 billion in liabilities. See ECF No. 139 at ¶ 84–85. Wichterman alleges that, through the use of the "Texas Two-Step," the Individual Restructuring Defendants deprived Wichterman of an effective source of recovery for his pending claims. See ECF No. 139 at ¶ 87–96, 109.

Tehum filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas on February 13, 2023. See ECF No. 139 at ¶ 81–82, 86; In re

Tehum Care Servs., Inc., No. 23-90086 (CML) (Bankr. S.D. Tex.). The Bankruptcy Court in that case entered an order[4] confirming Tehum's First Modified Joint Chapter 11 Plan[5] (the "Plan") on March 3, 2025. According to the Second Amended Complaint, the Plan provided for payments totaling $50 million to resolve the claims of tort claimants, conditioned its channeling injunction on compliance with those payment terms, and the Released Parties failed to make required payments in late 2025 and February 2026. See ECF No. 139 at ¶ 99–105. Wichterman alleges that, as a result, the trustees filed a Notice of Failure to Cure Settlement Payment Default on March 4, 2026, terminating the Plan's injunctions and the protections afforded to the Released Parties and tolling applicable statutes of limitations until June 3, 2026. See ECF No. 139 at ¶ 106. While such allegations must be accepted as true when ruling on a motion to dismiss, they are of no moment because the claims Wichterman asserts were property of Tehum's bankruptcy estate that were vested in two trusts created pursuant to the Plan, and the trusts own those claims and have sole and exclusive standing to assert them.

YesCare filed for Chapter 11 bankruptcy on May 8, 2026. See In re YesCare Corp., No. 2:26-bk-01089 (Bankr. M.D. Fla.). That bankruptcy case is jointly administered with lead case In re CHS FL, LLC, et al., No. 2:26-bk01087 (FMR) (Bankr. M.D. Fla.).

## III. Legal Standards

### A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Without standing, there is no subject matter jurisdiction. See Finkelman v. Nat'l Football League, 810 F.3d 187, 195 (3d Cir. 2016). Absent such jurisdiction, federal courts lack the

[4] See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025).

[5] See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B.

power to adjudicate claims and must dismiss an action. See Clark v. Wells Fargo Bank, 585 Fed. App'x. 817, 820 (3d Cir. 2014).

In considering its own jurisdiction under Rule 12(b)(1), a court should "presume[] that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." G. W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 (3d Cir. 2022) (citations omitted).

Where a defendant raises a factual challenge to subject matter jurisdiction, the "[c]ourt may look beyond the pleadings to ascertain the facts." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (alteration in original). In other words, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case[,]" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

**B. Lack Of Personal Jurisdiction Under Rule 12(b)(2)**

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)). "In Pennsylvania, state law provides for jurisdiction 'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States.'" Marten, 499 F.3d at 296 (citing 42 Pa. Cons. Stat. Ann. § 5322(b)).

Personal jurisdiction may either be general, based on continuous or systematic contacts with the forum, or specific. See, e.g., Malik v. Cabot Oil & Gas Corp., 710 F. App'x 561, 563 (3d Cir. 2017). Once a challenge to personal jurisdiction is raised, the "plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

### C. Failure To State A Claim Under Rule 12(b)(6)

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. The Court must disregard legal conclusions and take well-pled facts as true and make a determination as to whether those facts state a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

In contrast to Article III standing, prudential standing doctrines are properly considered under Rule 12(b)(6) because they do not implicate constitutional defects in subject-matter jurisdiction. See Potter v. Cozen & O'Connor, 46 F.4th 148, 151 (3d Cir. 2022); see also In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004).

## IV. Argument

Wichterman's claims against the Individual Restructuring Defendants should be dismissed for five reasons. First, this Court lacks personal jurisdiction over the Individual Restructuring Defendants, because Wichterman's boilerplate allegation that they conducted business in Philadelphia through their companies is conclusory and legally insufficient. Second,

Wichterman lacks standing to assert claims pursuant to the Plan, and as a result, this Court lacks subject matter jurisdiction. Third, the claim in Count V (veil-piercing / alter ego liability) is not a standalone claim under Pennsylvania law, and does not in any event state a claim against the Individual Restructuring Defendants. Fourth, in addition to failing for want of subject matter jurisdiction, Count IV also fails to state a claim. Finally, Count III fails because the Individual Restructuring Defendants did not employ the nurse whose alleged negligence underlies that claim and cannot be vicariously liable for his conduct under a respondeat superior theory.

### A. Wichterman's Jurisdictional Allegations Are Insufficient To Establish Personal Jurisdiction Over The Individual Restructuring Defendants

This Court lacks personal jurisdiction (either general or specific) over the Individual Restructuring Defendants. Wichterman does not allege that any Individual Restructuring Defendant lives in Pennsylvania (because they don't) or maintains the sort of continuous and systematic personal contacts necessary to support general jurisdiction (again, because they don't). Instead, Wichterman offers a single, identical sentence as to each Individual Restructuring Defendant: that he or she "has regularly conducted business in Philadelphia through [his or her] companies' provision of medical services to incarcerated people in the Philadelphia Department of Prisons." ECF No. 139 at ¶ 13–19. That boilerplate allegation is conclusory and legally insufficient. See McMahon v. Volkswagen Aktiengesellschaft, 2023 WL 4045156 at *7 (D.N.J. June 16, 2023) ("conclusory allegations as to the possible existence of the requisite contacts between [the party] and the forum state [or that the party] deliberately targeted [the state are] insufficient to establish personal jurisdiction.") (citations omitted).

Nor can Wichterman establish specific jurisdiction. To establish specific jurisdiction, a "plaintiff must show (1) the defendant 'purposefully directed [its] activities' at the forum; (2) the

plaintiff's claims 'arise out of or relate to' at least one of those activities."[6] Jones v. Experian Info. Sols., Inc., 2022 WL 4080763 at *3 (E.D. Pa. Sept. 6, 2022); see also Hasson v. FullStory, Inc., 114 F.4th 181, 193 (3d Cir. 2024). As shown below, only the Individual Restructuring Defendants' own contacts count, and Wichterman alleges none. Even if their companies' contacts counted (which they do not), Counts IV and V do not arise out of or relate to them; and the effects test is not satisfied.

"Each defendant's contacts with the forum State must be assessed individually." Calder v. Jones, 465 U.S. 783, 790 (1984).[7] A corporate officer therefore must have "sufficient forum-related contacts independent from their contacts as corporate officers or directors," Bowers v. NETI Techs., Inc., 690 F. Supp. 349, 358 (E.D. Pa. 1988), because "it is not 'reasonable' for [an officer] to anticipate that he will be haled into any court in every forum in which the corporation transacts business." Simkins Corp. v. Gourmet Res. Int'l, 601 F. Supp. 1336, 1345 (E.D. Pa. 1985); see also Credle v. United States, 2011 WL 6304027 at *3 (D.N.J. Dec. 14, 2011) (rejecting the notion that a contractual relationship would allow the transfer of contacts from one party to another). Wichterman pleads no such contacts. Beyond the boilerplate allegation addressed above, Wichterman alleges only that the Individual Restructuring Defendants

---

[6] Even if Wichterman were to satisfy elements (1) and (2), the Court could then consider whether "(3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." Jones, 2022 WL 4080763 at *3.

[7] The Individual Restructuring Defendants note that, in two similar cases, Judge McHugh has ordered 90 days of jurisdictional discovery, as well as briefing based on the results of that discovery. See Barrow v. City of Philadelphia, et al., E.D. Pa. 2:22-cv-03322 at ECF 51; Hayes v. City of Philadelphia, et al., E.D. Pa. 2:22-cv-3395 at ECF 63. The Individual Restructuring Defendants respectfully request that this Court await the results of the discovery ordered by Judge McHugh before deciding whether or not it has the power to assert personal jurisdiction over the Individual Restructuring Defendants.

participated in a corporate restructuring under Texas law, a related Texas bankruptcy, and transfers of funds from Corizon to other entities. See, e.g., ECF No. 139 at ¶ 82–96, 109. Wichterman does not plead that any Individual Restructuring Defendant did anything in, or directed any of that conduct towards, Pennsylvania.

Count III does not change the analysis. Wichterman does not allege that any Individual Restructuring Defendant did anything in Pennsylvania, much less anything connected to Wichterman's care. See ECF No. 139 at ¶ 21, 122–26. Instead, Wichterman invokes respondeat superior to attribute to the Individual Restructuring Defendants the alleged negligence of a nurse employed by Corizon. See id. at ¶ 12, 21, 126. That theory fails on the merits for the reasons set forth in Section IV.E, below, but it also cannot supply jurisdictional contacts. Corizon's employment of a nurse in Philadelphia is Corizon's contact, not the Individual Restructuring Defendants', and it cannot be attributed to them merely by labeling the claim one for respondeat superior.

Even if Corizon's or YesCare's Pennsylvania contacts, including the alleged provision of medical services in Philadelphia, see ECF No. 139 at ¶ 13–19, 29, could be attributed to the Individual Restructuring Defendants (which they cannot for the reasons addressed above), Counts IV and V do not "arise out of or relate to" those contacts. Those counts are premised on a corporate restructuring under Texas law, an ensuing bankruptcy in Texas, and alleged transfers of funds away from Corizon, see ECF No. 139 at ¶ 82–96, 109, conduct that has nothing to do with the provision of medical services in Philadelphia. See, e.g., Hasson, 114 F.4th at 193 (even where Papa John's operated many stores and advertised in Pennsylvania, wiretapping claims related to the company's website fail to arise out of or relate to those activities).

Wichterman also fails to establish effects-based specific jurisdiction because the Supreme Court has held that "mere injury to a forum resident is not a sufficient connection to the forum." Walden v. Fiore, 571 U.S. 277, 278 (2014). Rather, "the tortious actions of the defendant [must] have a forum-directed purpose." Hasson, 114 F.4th at 189. Wichterman does not satisfy this standard because he does not allege that the Individual Restructuring Defendants "expressly aimed [their] tortious conduct at [Pennsylvania]." See Hasson, 114 F.4th at 192 (the effects test is not satisfied by data privacy allegations with nationwide impact). Instead, Wichterman alleges that the Individual Restructuring Defendants engaged in a restructuring and bankruptcy in Texas that left Tehum with liabilities arising from litigation concerning "detention centers, jails, and prisons throughout the United States." ECF No. 139 at ¶ 85. As a result, this Court lacks personal jurisdiction over the Individual Restructuring Defendants.

### B. Only The Trusts Have Standing To Bring The Claims Asserted In Count IV[8]

Wichterman's allegations at ECF No. 139 at ¶ 100–08 notwithstanding, Wichterman lacks standing to bring Count IV because that claim belongs to the Trusts established by the Plan, rather than to individual creditors.[9] Indeed, one of the two Plan-created trusts has already

[8] Some courts characterize this issue as one of statutory authority rather than constitutional standing. See In re Wilton Armetale, Inc., 968 F.3d 273, 280-81 (3d Cir. 2020). Under that approach, the question is not jurisdictional and may be analyzed as a merits based challenge rather than under Rule 12(b)(1). See Armetale, 968 F.3d at 280. Under either framework, Wichterman lacks authority to pursue claims that belong to the bankruptcy estate and dismissal is therefore warranted.

[9] This rule is functionally analogous to the shareholder derivative rule, which prevents individual shareholders from profiting disproportionately from harms done to the corporation as a whole. See Morrison Informatics, Inc. v. Members 1st Credit Union, 97 A.3d 1233, 1238 (Pa. Super. Ct. 2014) ("If damages to a shareholder result indirectly, as the result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual"); see also In re Total Containment, Inc., 2008 WL 682455 at *9 n.11 (Bankr. E.D. Pa. Mar. 5, 2008) ("While normally [a] fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.").

filed an adversary proceeding relying on substantially similar allegations to those in this complaint. See Dundon v. Lefkowitz (In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML), ECF No. 1 (Bankr. S.D. Tex. Apr. 27, 2026). The Middle District of Florida has ruled in a similar suit that, while the plan release language "may have authorized a claimant to sue the Corizon directors and officers for their alleged misconduct, that does not mean that Plaintiff can pursue that claim in this case or this Court." Kaiser, No. 8:19-cv-449, ECF No. 389 at 6 (M.D. Fla., Aug. 24, 2026). Judge Honeywell went on to explain that "[t]he Southern District of Texas, where an adversary action has already been filed, appears to be the appropriate court to consider the claims that the directors and officers fraudulently failed to fund the Plan." Kaiser, No. 8:19-cv-449, ECF No. 389 at 6 (M.D. Fla., Aug. 24, 2026).

Judge Honeywell's ruling follows from black-letter bankruptcy law and the Plan itself. Section 541 of the Bankruptcy Code states that "all legal or equitable interests of the debtor in property," including causes of action belonging to the debtor, belong to the bankruptcy estate. See 11 U.S.C. § 541. Courts consistently hold that where an alleged injury is to the debtor–and any injury to creditors is merely derivative of an injury to the debtor–the claim belongs to the estate, and an individual creditor lacks standing to prosecute it. See, e.g., In re Emoral, Inc., 740 F.3d 875, 876 (3d Cir. 2014) (personal injury causes of action asserted against a third-party non-debtor corporation on a "mere continuation" theory of successor liability are property of the bankruptcy estate); In re Spiech Farms, LLC, 603 B.R. 395, 403 (Bankr. W.D. Mich. 2019) (citing Tronox Inc. v. Kerr-McGee Corp., 855 F.3d 84, 103–104 (2d Cir. 2017)); In re Elrod Holdings Corp., 392 B.R. 110, 114 (Bankr. D. Del. 2008) ("an individual creditor of a debtor may not assert a general claim belonging to all creditors" and where a claim "could be brought

by any creditor of the debtor," it must be asserted by the estate's representative); In re Kraeger, 1999 WL 342762 at *4 (Bankr. E.D. Pa. May 24, 1999) (counterclaims for negligence alleging the trustee failed to preserve and recover estate assets are properly dismissed as property of the estate).

Wichterman's own allegations confirm that his claimed injury is derivative. He concedes that the injury he seeks to remedy is to his "ability to recover" from "the entity that employed Wahabu," allegedly caused by efforts "to siphon money—at least $30 million—away from Corizon." ECF No. 139 at ¶ 109. Any such depletion of Corizon's assets injured all of Corizon's creditors alike, and the claim to remedy it belongs to the Trusts.

Absent abandonment, this remains true post-confirmation. See In re Wilton Armetale, Inc., 968 F.3d 273, 284 (3d Cir. 2020) (absent clear evidence of abandonment, creditors do not have standing to sue under estate causes of action); cf. In re Total Containment, Inc., 2008 WL 682455 at *9 n.11 (Bankr. E.D. Pa. Mar. 5, 2008) (the former trustee and current plan administrator under a confirmed Chapter 11 plan retained ownership of estate claims).

Count IV is therefore a quintessential estate claim, both as a matter of law and under the clear and unambiguous terms of the Plan. Article I of the Plan defines "Estate Causes of Action" as follows:

> 77. "*Estate Causes of Action*" means Causes of Action owned, held, or capable of being asserted by, under, through or on behalf of the Debtor or its Estate, whether known or unknown, in law, at equity or otherwise, whenever and wherever arising under the laws of any jurisdiction, including actions that arise out of or are based on breach of contract, fraudulent conveyances and transfers, breach of fiduciary duty, breach of duty of loyalty or obedience, legal malpractice, recovery of attorneys' fees, turnover of property and avoidance or recovery actions of the Debtor or its Estate, and all other actions that constitute property of the Estate under section 541 of the Bankruptcy Code that are or may be pursued by a representative of the Estate, including pursuant to section 323 of the Bankruptcy Code, and actions, including Avoidance Actions under chapter 5 of the Bankruptcy Code, seeking relief in the form of damages (actual and punitive), imposition of a constructive trust, turnover of property, restitution, and declaratory relief with respect thereto or otherwise. Without limiting the foregoing, Estate Causes of Action shall include: (a) Causes of Action that prior to the Petition Date could have been asserted by the Debtor on its own behalf under applicable state law, including Causes of Action seeking to impose liability based on (i) the doctrine of successor liability, or (ii) the doctrines of alter ego or veil piercing; (b) Causes of Action that seek to impose liability for a Claim against the Debtor on any non-Debtor based on a theory of liability that is not specific to one or more particular creditors and is common to all creditors of the Debtor and can be asserted by the Debtor under applicable state law; and (c) all other Causes of Action that are property of the Estate under the Bankruptcy Code, including any other form of derivative or vicarious liability for liabilities of the Debtor.

See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶ 77 (emphasis added). Likewise, paragraph 177 of the Plan specifically provides that the term "Retained Causes of Action…shall include the Released Estate Causes of Action[10] if the Estate Release does not go into effect due to a Settlement Payment Default…" In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶ 177.

[10] The term "Released Estate Causes of Action" means "any Estate Cause of Action against a Released Party," and the term "Released Parties" includes, inter alia, Tehum, YesCare Corp., its wholly owned subsidiaries (including CHS TX, Inc.), YesCare Holdings LLC, each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates. Cf. In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶ 174, 175, 182. Wichterman alleges that each of the Individual Restructuring Defendants is a Released Party. ECF No. 139 at ¶ 101.

Two trusts were created pursuant to the Plan, the GUC Trust and the PI/WD Trust (collectively, the "Trusts"), and all Retained Causes of Action were transferred to and vested in the Trusts under the Plan. See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. IV § F(1)(d) (transfer of GUC Trust Assets to the GUC Trust), Art. IV § F(2)(d) (transfer of PI/WD Trust Assets to the PI/WD Trust).

The Trusts are Tehum's successors and representatives pursuant to sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code and "have the **exclusive** authority and power to…commenc[e], prosecut[e], and settl[e] all Retained [] Causes of Action." In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. IV § F(1)(h) (GUC Trust as Successor to the Debtor and Its Estate); Art. IV § F(2)(g) (PI/WD Trust as Successor to the Debtor and Its Estate) (emphasis added).

Simply put, the claims asserted by Wichterman constitute Retained Causes of Action that vested in and are now owned by the Trusts under the Plan, and the Trusts, not Wichterman, have the authority to prosecute them (which they are already doing). See Dundon v. Lefkowitz (In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML), ECF No. 1 (Bankr. S.D. Tex. Apr. 27, 2026). The Court should therefore dismiss them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**C. Count V Fails To State A Claim For Veil-Piercing / Alter Ego Liability Against The Individual Restructuring Defendants**

Veil-piercing / alter ego liability is not an independent cause of action under Pennsylvania law, but rather a theory of liability that depends on the existence of a viable underlying claim. See Accurso v. Infra-Red Servs., Inc., 23 F.Supp.3d 494, 510 (E.D. Pa. 2014) ("…veil-piercing is not a separate cause of action, but rather a basis for a cause of action…"). Accordingly, even assuming arguendo that Wichterman could allege facts relevant to

veil-piercing (which he has not done, as set forth below), Count V cannot proceed absent a cognizable underlying claim. Because Wichterman fails to state any other substantive claim against the Individual Restructuring Defendants,[11] there is no cause of action to which alter ego liability could attach. Count V should therefore be dismissed.

In any event, "there is a strong presumption in Pennsylvania against piercing the corporate veil." Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995). In order to "avoid making the entire theory of corporate entity useless[, a] court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." Lumax, 669 A.2d at 895. As for piercing the veil to reach an individual, mere ownership or conclusory allegations that an individual "acted on behalf of herself, unjustly seeking corporate protection" are insufficient to state a claim. See Lumax, 669 A.2d at 895.

At most, the Second Amended Complaint alleges that the Individual Restructuring Defendants exercised control over Corizon in their capacities as its officers and directors, and that Lefkowitz (acting as an officer and/or director) caused Corizon funds to be paid to other entities. See ECF No. 139 at ¶ 87–96, 132–35. Those allegations do not support piercing the veil to reach any Individual Restructuring Defendant personally. Wichterman does not plead any facts showing that any Individual Restructuring Defendant treated a corporate entity as his or her personal instrumentality, commingled corporate funds and personal funds, or personally received corporate funds. Instead, the transfers Wichterman describes went to other entities (M2 LoanCo and Geneva Consulting), not to any Individual Restructuring Defendant. See ECF No. 139 at ¶

[11] The reasons for dismissal of Count IV are discussed in Sections IV.B, above, and IV.D, below, and the reasons for dismissal of Count III are discussed in Section IV.E, below.

88–89, 96, 109. And as to the Individual Restructuring Defendants other than Lefkowitz, Wichterman alleges only that they held titles at Corizon and YesCare, were generally involved in decision making, and "aided and abetted" or "recklessly disregarded" Lefkowitz's alleged conduct. See ECF No. 139 at ¶ 90–96. Consequently, even accepting all factual allegations in the complaint as true, Wichterman has not pled that a corporate veil should be pierced as against the Individual Restructuring Defendants.[12]

**D. Count IV Fails To State A Claim For Fraud Or Fraudulent Transfer**

Regardless of whether Count IV ("Fraud and Personal Participation in Fraudulent Restructuring") is considered as a claim for fraudulent transfer or fraud, it fails to state a claim under Rule 9 and Rule 12(b)(6).

Claims in the nature of a fraudulent transfer are considered under the Pennsylvania Uniform Voidable Transactions Act. See 12 Pa. C.S.A. § 5101 et seq. The Act makes certain transfers "by a debtor … voidable as to a creditor." 12 Pa. C.S.A. § 5104. Under the Act, a "debtor" is "a person that is liable on a claim." 12 Pa. C.S.A. § 5101. Wichterman's claim fails on its face as to the Individual Restructuring Defendants, because he does not allege they are either debtors or transferees.

Non-transferees cannot be liable for alleged fraudulent conveyances under the Act, and no claim will lie against employees or corporate officials of a debtor where "the complaint [does] not allege … that any assets were transferred to them as individuals." Brookworth Partners, L.P. v. Frankford Mach., Inc., 2017 WL 4269031 at *7 (Pa. Super. Ct. Sept. 26, 2017); see also In re Total Containment, Inc., 335 B.R. 589, 616 (Bankr. E.D. Pa. 2005); Xtreme Caged Combat v.

[12] Even if Wichterman had pled that the corporate veil should be pierced as against the Individual Restructuring Defendants (which he did not do), such a claim would also belong to the Trusts for the reasons discussed above.

Zarro, 2021 WL 731505 (Pa. Super. Ct. 2021) (granting a compulsory non-suit against an individual defendant where plaintiff presented no evidence that the individual defendant received any money or property in a challenged transaction, notwithstanding the defendant's ownership interest in the actual transferee); 12 Pa. C.S.A. § 5107–08 (defining the scope of relief as money judgments against or avoidance of transfers as to **debtors** and **transferees**) (emphasis supplied).

At most, Wichterman states a fraudulent transfer claim as to Corizon, Tehum, and YesCare. See ECF No. 139 at ¶ 83–89, 127–28. Such a claim is independently barred for the reasons stated above.

To the extent Count IV is construed as a Pennsylvania common-law fraud claim, it should be dismissed under Federal Rule of Civil Procedure 9(b). To plead a fraud claim, a plaintiff must allege with particularity a material misrepresentation made with scienter and intent to induce reliance, justifiable reliance by the plaintiff, and resulting injury. See, e.g., Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

Count IV does not do so. The Second Amended Complaint alleges a "fraudulent corporate restructuring designed to strip assets from Corizon Health, Inc., while leaving a shell entity to absorb liabilities owed to tort claimants," and the removal of funds from Corizon to entities the defendants allegedly controlled, thus depriving Wichterman of the ability to recover. See ECF No. 139 at ¶ 127–31. It does not allege any misrepresentation (let alone a misrepresentation to Wichterman), and it does not allege that Wichterman relied on anything (reasonably or otherwise). Because Count IV pleads, at most, an alleged "scheme" untethered to any misrepresentation to or reliance by Wichterman, it fails to meet Rule 9(b)'s requirements, and therefore cannot state a fraud claim. See, e.g., Marshall v. Fenstermacher, 388 F.Supp.2d 536, 549 (E.D. Pa. 2005) (Under Pennsylvania and New Jersey law, generic allegations of

fraudulent schemes without allegations of specific elements of fraud, including misrepresentation, knowledge of the falsity of the misrepresentation, intent that a party rely on the misrepresentation and reasonable reliance, fail to state a claim for fraud).

**E. Count III Fails To State A Claim For Negligence Against The Individual Restructuring Defendants**

Count III fails to state a claim for negligence because it does not allege direct control or supervision by the Individual Restructuring Defendants over Nurse Wahabu, the only medical professional whose care of Wichterman is at issue. Wichterman's final paragraph attempts to tie Wahabu's conduct to the Individual Restructuring Defendants by alleging that Wahabu was acting "as an agent, servant, and/or employee of defendant Tehum," within the scope of his employment, and "under the direct control and supervision of defendant Tehum," and then concluding that this alone makes the Individual Restructuring Defendants liable under respondeat superior. See ECF No. 139 at ¶ 21; 122–126. Under Wichterman's theory, the president of a company would be personally liable anytime someone's foot got run over in the mailroom. That is not the law.

"Liability based on respondeat superior arises solely on the basis of the existence of an employer-employee relationship, [and may apply] regardless of whether the employer had any part in causing harm." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010). The Individual Restructuring Defendants are not, and are not alleged to be, Wahabu's employer. Corizon / Tehum is. See ECF No. 139 at ¶ 12, 21, 126. As a result, the Individual Restructuring Defendants cannot be liable under respondeat superior. See Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 489 (3d Cir. 2013) ("A corporate employee typically acts on behalf of the corporation, not its owner or officer … so that there is no agency relationship between an officer or director and an employee.") (citations omitted); Hatten v. Bledsoe, 2014 WL 5474071 at *2

(M.D. Pa. Oct. 28, 2014) (there is no respondeat superior liability as a matter of law for supervisors, who are considered co-employees.).[13]

If instead Wichterman actually meant that the Individual Restructuring Defendants had a form of supervisory liability, that claim also fails. See Belmont v. MB Inv. Partners, Inc., 708 F.3d 470, 489 (3d Cir. 2013) ("Negligent supervision differs from employer negligence under a theory of respondeat superior."); Santiago, 629 F.3d at 128. While officers and directors have a general duty of oversight, "that has never been understood as placing on directors the responsibility for day-to-day supervision of employees. On the contrary, those quotidian tasks are the work of employee-supervisors, not the board of directors." Belmont, 708 F.3d at 489. As a result, a "claim against the directors under a theory of negligent supervision is not viable, notwithstanding [plaintiff's] efforts to cast the directors in a 'supervisory' role." Belmont, 708 F.3d at 491.

"Even assuming that corporate directors may be held liable as 'supervisors,'" Wichterman's claim fails to meet the foreseeability requirements of negligent supervision. See Belmont, 708 F.3d at 491. Liability for negligent supervision requires that the supervisor foresee the need to control an employee. See Belmont, 708 F.3d at 491. "An employer knows, or

[13] Liability under respondeat superior also fails for the independent reason that there is no way the Individual Restructuring Defendants, as non-doctors completely removed from the care setting, could have exercised the level of control that courts have found necessary to impose vicarious liability. See Valles v. Albert Einstein Med. Ctr., 805 A.2d 1232, 1239 (2002) ("[A]s a matter of law, a medical facility lacks the control over the manner in which the physician performs his duty to obtain informed consent so as to render the facility vicariously liable[,]" and to hold otherwise "would be both improvident and unworkable."); cf. Ruff v. York Hosp., 257 A.3d 43, 54 (Pa. Super. Ct. 2021) (a hospital's oversight duty under corporate negligence doctrine does not entail a "duty to mandate that a hospital direct or override a physician's clinical judgment.").

should know, of the need to control an employee if the employer knows that the employee has dangerous propensities that might cause harm to a third party." Belmont, 708 F.3d at 491. In this case, that would require that the Individual Restructuring Defendants knew that Wahabu had a known, dangerous, and specific preexisting propensity to neglect patients that made him more likely to cause the alleged harm to Wichterman. See Matos v. Uber Techs., Inc., 2025 WL 373437 at *6 (E.D. Pa. Feb. 3, 2025) (dismissing a negligent supervision claim which failed to allege "specific factual allegations [of] prior bad acts, which would have suggested …" a need for supervision.); Dempsey v. Walso Bureau, Inc., 246 A.2d 418, 423 (Pa. 1968) (rough demeanor and history of "horse-play" is not sufficient to establish a knowledge of a violent propensity.). Wichterman does not allege, and cannot allege, any such propensity.[14]

In sum, Count III fails to state a claim against the Individual Restructuring Defendants because they are not "employers" under respondeat superior, because officers and directors are not liable for the daily supervision of the actual medical providers under a supervisory liability theory, and because even if they were, Wichterman does not allege that the Individual Restructuring Defendants had knowledge of any specific dangerous propensity of Wahabu, the nurse who allegedly harmed Wichterman.

## V. Conclusion

To the extent Wichterman was injured, Wichterman can bring claims against those who he alleges injured him. He does not, however, allege that the Individual Restructuring Defendants did anything to injure him. Instead, he alleges that they were involved in running

[14] Hospital corporate negligence cases support the same conclusion. See Welsh v. Bulger, 698 A.2d 581, 585, 1997 WL 409131 (1997) (to establish hospital corporate negligence for a physician's failure, the plaintiff must show the "hospital had actual or constructive knowledge of the defect or procedures that created the harm.").

companies that ultimately filed a bankruptcy petition and had a chapter 11 plan confirmed by a bankruptcy court. But those causes of action are owned by the bankruptcy estate. To the extent there was something wrong with their doing so, the Trusts created by such plan have the exclusive ability to assert those claims. Wichterman does not have standing to bring individual claims in this Court. His claims against the Individual Restructuring Defendants should therefore be dismissed.

Respectfully submitted,

Dated: November 12, 2026

/s/ Aaron Krauss

Aaron Krauss (62419)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4181
akrauss@cozen.com
*Attorney for Defendants Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell*

## CERTIFICATE OF SERVICE

I certify that, on this date, Defendants Jennifer Finger, Jeffrey King, Isaac Lefkowitz, Beverly Rice, Frank Sholey, and Sara Tirschwell's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction and Failure to State a Claim, and the Memorandum of Law in support thereof, have been filed electronically and are available for viewing and downloading from the ECF system, and that I caused a true and correct copy of the same to be served upon all parties of record via the Court's ECF system.

Dated: November 12, 2026

BY: /s/ Aaron Krauss
Aaron Krauss (62419)